IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JOHANSEN BRITO | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:11-CV-393 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Johansen Brito, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. After appointing counsel for movant and conducting an evidentiary hearing, the Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, movant argues the factual pleadings in the record along with the evidentiary hearing testimony and exhibits clearly demonstrate retained counsel, Mr. Dan Gerson, provided ineffective assistance of counsel by neglecting to timely and effectively communicate the plea offer.

As to the first issue, movant concedes that the plea off was conveyed to him on at least two occasions. He argues, however, that Mr. Gerson's delay in conveying the plea agreement is ineffective. By movant's own admission during the evidentiary hearing, however, he had at least

three days to consider the offer before it expired.[1]  As stated in the Report and Recommendation of United States Magistrate Judge, movant cites no authority for the proposition that a defendant is entitled to have a certain amount of time to consider a plea bargain offer.  To the extent movant now relies on the Texas Disciplinary Rules of Professional Conduct in arguing Mr. Gerson breached his fiduciary duty to promptly convey the plea offer to movant and his performance was therefore deficient, the court notes that the the Supreme Court has held that a lawyer's violation of ethical norms does not make the lawyer *per se* ineffective.  *Burt v. Titlow*, 134 S.Ct. 10, 187 L.Ed.2d 348 (2013) (citing *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)).[2]  Based on the present record, movant has failed to show by a preponderance of the evidence that Mr. Gerson's "delay" in conveying the plea offer in this case was ineffective.

With respect to movant's allegation that Mr. Gerson failed to effectively communicate the plea offer, the motion seems to infer that movant had difficulty understanding English.  The undersigned spoke with movant at the hearing on June 13, 2008, at which Mr. Laine was allowed to substitute in as counsel of record, and also and at the sentencing hearing on July 31, 2009. *See, e.g.*, Reporter's Transcript of Motion Hearing, pgs. 5-6 1:07-CR-208-3, docket entry no. 363 and Reporter's Transcript of Sentencing Hearing, pgs. 2-3, 35, 1:07-CR-208-3, docket entry no. 370.  On neither occasion did movant exhibit any lack of comprehension of the proceedings or of what the court and attorneys were saying.  Likewise, based on the court's observations of movant's demeanor at trial he appeared to be well aware of what was happening.  Finally, the

---

[1] Although the record reflects that movant had limited time to consider the plea agreement offer, the record does show that Mr. Gerson was able to obtain an extension of the Government's original June 2nd deadline to June 6th for the plea agreement and also obtained a continuance of the trial setting to July in order to further negotiations with Mr. Brito.  Movant concedes Mr. Gerson provided him a copy of the plea agreement at this time and that they discussed the agreement although not to movant's satisfaction.  The record further reflects that Mr. Gerson was able to obtain another extension through June 9th so that he could bring Mr. Silverman with him to discuss the plea agreement with movant  The court is hard-pressed to find Mr. Gerson's efforts and success in obtaining extensions on the plea agreement offer to be ineffective.

[2] The court makes no determination that Mr. Gerson's actions somehow violated the Texas Disciplinary Rules of Professional Conduct.

2

transcript of the July 29, 2013 hearing before Judge Giblin demonstrates that not only can movant speak English, he appropriately, and without prompting, spelled the name of the prison at which he had been held, when the Judge simply asked "what was the name?" *See* Transcript of Hearing, pg. 13, 1:11-CV-393, docket entry no. 25. The court discounts any argument or implication that there was a lack of communication with the various attorneys based on an inability to understand or speak English.

A defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice on whether or not to plead guilty. *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). In addition, to show prejudice from ineffective assistance of counsel where a plea offer has been rejected because of counsel's deficient performance, a movant must demonstrate a reasonable probability he would have accepted the plea offer had he been afforded effective assistance of counsel. *Missouri v. Frye*, – U.S. –, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012). Even assuming Mr. Gerson's performance was somehow deficient in conveying the terms of the plea agreement in this case, movant cannot show prejudice. The record reflects that movant had already contacted another attorney before the second meeting and had retained the services of Mr. Kevin Laine before the third meeting. During the third meeting, movant concedes he ended the meeting and told Mr. Gerson and Mr. Silverman to contact Mr. Laine from that point on. Furthermore, at the hearing on Mr. Gerson's motion to withdraw, movant stated that his concern was that Mr. Gerson did not get the evidence he wanted. *See* Vol. 1 of Reporter's Transcript of Motion Hearing, pg. 5, 1:07-CR-208, docket entry no 363. In addition, he stated, "[i]t didn't work – it didn't work since a long time. I told him like, 'Look, you know, I want to suppress the evidence. I want to do that." He don't want to do it so –." *Id.* at pg. 8. Movant makes no mention of any concerns he had with the proposed plea offer and the objective evidence demonstrates a desire to go to trial. As stated by the Magistrate Judge, Mr. Brito's after the fact testimony concerning his desire to plead guilty, without any objective evidence in support thereof, is insufficient to establish prejudice. *See United States v. Giacomel*,

153 F.3d 257, 258 (5th Cir. 1998) (stating that the Magistrate Judge may make credibility findings based on evidence presented at an evidentiary hearing in a § 2255 case); *United States v. Montemayor*, 998 F.2d 1014, 1993 WL 277213 at *2 (5th Cir. July 23, 1993) ("the trier of fact is uniquely qualified to evaluate the demeanor and credibility of witnesses."). As a result, movant has not shown a reasonable probability that he would have accepted the plea offer agreement and the court finds the objections lacking in merit.

ORDER

Accordingly, the objections of movant are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed

further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **29** day of **July, 2014.**

_____
Ron Clark, United States District Judge